# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| CASE NUMBER | 03 C 50262 | DATE | 7/30/2004 |
| CASE TITLE | Kilgore vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 8-2-04 date docketed | |
| | Notified counsel by telephone. | | | 23 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 7/30/2004 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

# ORDER

Geraldine E. Kilgore ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2003). The Commissioner's final decision affirmed the monthly benefit Plaintiff receives for Wife's Insurance Benefits ("WIB") pursuant to Title II of the Social Security Act (the "Act"). 42 U.S.C. § 402(b)(1) (2003). For the following reasons, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's motion for summary judgment be denied. The Magistrate Judge also recommends that Defendant's motion for summary judgment be granted.

Plaintiff filed for WIB on December 2, 1999. (Tr. 14-16). Plaintiff's notice of award in the amount of $457.00 per month is dated January 18, 2000. (Tr. 17). On January 26, 2000, Plaintiff filed a request for reconsideration contesting the amount of the WIB. (Tr. 20). Plaintiff's request for reconsideration was denied on May 18, 2000. (Tr. 22). Plaintiff then filed a request for a hearing before an Administrative Law Judge ("ALJ") on June 13, 2000. (Tr. 26). Plaintiff appeared, without counsel, before an ALJ on August 31, 2001. (Tr. 63). In a decision dated April 16, 2002, the ALJ found that Plaintiff was not entitled to any more than $457.00 in WIB. (Tr. 7-13). On April 22, 2002, Plaintiff requested a review of the ALJ's decision by the Appeals Council. (Tr. 4). On April 24, 2003, the Appeals Council denied Plaintiff's request for review. (Tr. 2).

The court may affirm, modify, or reverse the ALJ's decision outright, or remand the proceeding for rehearing or hearing of additional evidence. 42 U.S.C. § 405(g). Review by the court, however is not *de novo*; the court "may not decide the facts anew, reweigh the evidence or substitute its own judgment for that of the [ALJ]." *Binion v. Charter*, 108 F.3d 780, 782 (7th Cir. 1997); *see also Maggard v. Apfel*, 167 F.3d 376, 379 (7th Cir. 1999). The duties to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide the case accordingly are entrusted to the commissioner; "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the responsibility for that decision falls on the Commissioner." *Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it is conclusive and this court must affirm. 42 U.S.C. § 405(g); *see also Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). "Substantial evidence" is "evidence which a reasonable mind would accept as adequate to support a conclusion." *Binion*, 108 F.3d at 782.

Substantial evidence in the record supports the ALJ's determination that Plaintiff is receiving the correct amount of benefits. Plaintiff's date of birth is March 19, 1938. (Tr. 28). She filed for WIB in December 1999 to receive benefits stemming from her marriage and divorce to Billy Kilgore in September 1955 and May 1986, respectively. (Tr. 14, 29, 30). Section 202(b) of the Act prescribes the formula for divorced wife benefits. 42 U.S.C. § 402(b) (2003). It provides benefits to every wife and divorced wife of an individual entitled to retirement benefits if she has filed an application, has attained age 62, and is not entitled to a higher benefit on her own account. (*Id.*). The spouse's benefit is 50% of the primary insurance amount unless reduced by age. (*Id.*). Section 202(q)(1) of the Act requires a spouse's benefit before retirement age be reduced 25/36ths of 1% for the first thirty-six months and 5/12 of 1% for any additional months. 42 U.S.C. § 402(q)(1) (2003). The Commissioner sent a Notice of Reconsideration May 18, 2000 that stated Plaintiff's retirement age is sixty-five years and two months. (Tr. 24-25). The first month she was entitled to benefits was April 2000 since she turned sixty-two in March 2000. (*Id.*). Billy Kilgore's primary insurance amount was $1,227.20 of which 50% is $613.60. (*Id.*). According to the statute formula, her benefit was reduced for the thirty-seven months of entitlement before she reached her retirement age of sixty-five plus two months and resulted in the monthly payment of $457.00. (*Id.*). The record contains substantial evidence supporting the Commissioner's and the ALJ's findings with respect to benefits Plaintiff receives as a divorced wife. Additionally, Plaintiff offers no evidence in support of her claim to benefits stemming from the death of her son in 1994. Whether her son was entitled to benefits or whether she has even applied for any benefits her son may be entitled to is not before this court.

For the above stated reasons, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's motion for summary judgment be denied and the ALJ's decision to not change Plaintiff's then current benefit amount be sustained.

*[signature]*